**Jang Woo LEE, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15-72866

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

David K. S. Kim, Attorney, Law Office of David K. S. Kim, Flushing, NY, for Petitioner

Sheri Robyn Glaser, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Jang Woo Lee, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo claims of due process violations. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Lee's request for a third continuance, where the BIA sufficiently provided its reasons for affirming the IJ's analysis by citing *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812–13 (BIA 2012), and the IJ properly evaluated the factors outlined in that decision. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

agency] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process claim, a petitioner must show error and prejudice).

We lack jurisdiction to consider Lee's unexhausted contentions regarding right to counsel and ineffective assistance of counsel. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (8 U.S.C. "§ 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.