Mario ANTUNEZ-SALGADO,
Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 15-72633

United States Court of Appeals,
Ninth Circuit.

Submitted January 16, 2018 *

Filed January 19, 2018

Diego Javier Aranda Teixeira, Aranda
Teixeira Law, Seattle, WA, for Petitioner

Chief Counsel ICE, Office of the Chief
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, Anna E. Juarez,
DOJ—U.S. Department of Justice, Civil
Division/Office of Immigration Litigation,
Washington, DC, for Respondent

Before: REINHARDT, TROTT, and
HURWITZ, Circuit Judges.

MEMORANDUM **

Mario Antunez-Salgado, a native and cit-
izen of Mexico, petitions for review of the
Board of Immigration Appeals' ("BIA") or-
der dismissing his appeal from an immi-
gration judge's ("IJ") decision denying his
application for asylum, withholding of re-
moval, relief under the Convention Against
Torture ("CAT"), motion for a continuance,
voluntary departure, and administrative
closure. Our jurisdiction is governed by 8
U.S.C. § 1252. We review for substantial

evidence the agency's factual findings, *Si-
laya v. Mukasey*, 524 F.3d 1066, 1070 (9th
Cir. 2008), we review for an abuse of dis-
cretion the agency's denial of a motion to
continue, *Sandoval-Luna v. Mukasey*, 526
F.3d 1243, 1246 (9th Cir. 2008), and we
review de novo questions of law, *Mendez-
Mendez v. Mukasey*, 525 F.3d 828, 832
(9th Cir. 2008). We dismiss in part and
deny in part the petition for review.

As to Antunez-Salgado's claim based on
his family as a protected ground, substan-
tial evidence supports the agency's deter-
mination that Antunez-Salgado failed to
demonstrate a nexus between the harm he
fears and his family membership. *See Zeti-
no v. Holder*, 622 F.3d 1007, 1016 (9th Cir.
2010) (desire to be free from harassment
by criminals motivated by theft or random
violence by gang members has no nexus to
a protected ground). As to Antunez-Salga-
do's claim based on the social group of
Mexican returnees perceived as wealthy,
the agency did not err in finding that
Antunez-Salgado failed to demonstrate this
was a cognizable group. *See Ramirez-Mu-
noz v. Holder*, 816 F.3d 1226, 1228-29 (9th
Cir. 2016) (concluding "imputed wealthy
Americans" returning to Mexico did not
constitute a particular social group); *Del-
gado-Ortiz v. Holder*, 600 F.3d 1148, 1151-
52 (9th Cir. 2010) (concluding "returning
Mexicans from the United States" did not
constitute a particular social group). Thus,
Antunez-Salgado's asylum and withholding
of removal claims fail.

Substantial evidence also supports the
agency's denial of CAT relief because An-
tunez-Salgado failed to show it is more
likely than not that he would be tortured
by or with the consent or acquiescence of

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

the government of Mexico. *See Ramirez-Munoz*, 816 F.3d at 1230.

The agency did not abuse its discretion in denying Antunez-Salgado's motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (finding agency did not abuse its discretion in denying a continuance where relief was not immediately available); *see also Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-16 (BIA 2012) (discussing how a petitioner may establish prima facie eligibility for a U visa such that a continuance or remand might be warranted).

We lack jurisdiction to review the agency's discretionary denial of voluntary departure, *see* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law), and denial of administrative closure, *see Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1120 (9th Cir. 2009) (court lacks jurisdiction to review denial of administrative closure).

We also lack jurisdiction to review Antunez-Salgado's unexhausted contention as to the IJ's denial of cancellation of removal and as to the new social group he proposes for the first time in his opening brief. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (the court lacks jurisdiction to review claims not exhausted before the agency; when an alien files a brief with the BIA, he will be deemed to have exhausted only the issues raised and argued in the brief).

Finally, we reject as unsupported by the record, Antunez-Salgado's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.