**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OSCAR SANCHEZ-REYES, AKA Oscar Corral Reyes, | No. 15-73247 |
| Petitioner, | Agency No. A205-721-332 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Oscar Sanchez-Reyes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

The agency did not err in declining to discuss all of the factors when determining Sanchez-Reyes had not rebutted the presumption that his conviction was a particularly serious crime, where *Matter of Y-L-* mandates that each of six factors be met before any further analysis is conducted. *See* 23 I. & N. Dec. 270, 276-77 ("[o]nly if *all* of these criteria were demonstrated by an alien would it be appropriate to consider whether other, more unusual circumstances . . . might justify departure from the default interpretation" (emphasis in original)). To the extent Sanchez-Reyes challenges the agency's determination that his conviction under California Health and Safety Code § 11352(a) is a particularly serious crime, we cannot consider his contentions, where the agency cited to and applied the correct standard to the proper evidence. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (court's review is limited to whether the agency relied on the appropriate factors and proper evidence; the court may not reweigh

the evidence and reach its own determination). Accordingly, the agency did not err in denying Sanchez-Reyes' applications for asylum and withholding of removal. *See* 8 U.S.C. §1158(b)(2)(A)(ii) (asylum is not available to aliens who have been convicted of a particularly serious crime); 8 U.S.C. § 1231(b)(3)(B)(ii) (same for withholding of removal).

Because the particularly serious crime determination is dispositive, we need not reach Sanchez-Reyes' contentions regarding his membership in a particular social group. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the agency's denial of CAT relief, where Sanchez-Reyes failed to demonstrate it is more likely than not that he would be tortured upon returning to Mexico by or with the acquiescence of the Mexican government. *See* 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (alien has the burden to establish it is more likely than not he would be tortured if removed).

The agency did not err or abuse its discretion in denying Sanchez-Reyes' request for a third continuance to seek post-conviction relief in state court and for his wife to pursue a U Visa, where success on either of those outside proceedings was speculative. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (IJ not required to grant a continuance based on speculation); *see also Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-13 (BIA 2012) (discussing factors in determining

whether to grant a continuance that relate particularly to a U visa, including likelihood of success).

Under the circumstances in this case, the BIA did not err in declining to address Sanchez-Reyes' contentions regarding voluntary departure, where the record does not show he sought this relief.

**PETITION FOR REVIEW DENIED.**