NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MARIO ANTUNEZ-SALGADO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    15-72633

Agency No. A076-643-866

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Mario Antunez-Salgado, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

motion for a continuance, voluntary departure, and administrative closure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for abuse of discretion the agency's denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and we review de novo questions of law, *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 832 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

As to Antunez-Salgado's claim based on his family as a protected ground, substantial evidence supports the agency's determination that Antunez-Salgado failed to demonstrate a nexus between the harm he fears and his family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground"). As to Antunez-Salgado's claim based on the social group of Mexican returnees perceived as wealthy, the agency did not err in finding that Antunez-Salgado failed to demonstrate that this was a cognizable group. *See Ramirez-Munoz v. Holder*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not constitute a particular social group); *Delgado-Ortiz v.*

2                                                          15-72633

*Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Antunez-Salgado's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Antunez-Salgado failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Ramirez-Munoz*, 816 F.3d at 1230.

The agency did not abuse its discretion in denying Antunez-Salgado's motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (finding agency did not abuse its discretion in denying a continuance where relief was not immediately available); *Matter of Sanchez Sosa,* 25 I. & N. Dec. 807, 812-16 (BIA 2012) (discussing how a petitioner may establish prima facie eligibility for a U visa such that a continuance or remand might be warranted). Antunez-Salgado points to no error in the agency's denial of administrative closure.

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holde*r, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law).

3                                                          15-72633

We also lack jurisdiction to review Antunez-Salgado's contention as to the IJ's denial of cancellation of removal because he failed to raise it to the BIA, *see Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (the court lacks jurisdiction to review claims not exhausted before the agency; when an alien files a brief with the BIA, he will be deemed to have exhausted only the issues raised and argued in the brief), and his contention as to the new social group he proposes for the first time in his opening brief, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

Finally, we reject, as unsupported by the record Antunez-Salgado's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**