# Matter of Cezareo SANCHEZ SOSA, et al., Respondents

*Decided June 7, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In determining whether good cause exists to continue removal proceedings to await the adjudication of an alien's pending U nonimmigrant visa petition, an Immigration Judge should consider (1) the response of the Department of Homeland Security to the alien's motion to continue; (2) whether the underlying visa petition is prima facie approvable; and (3) the reason for the continuance and other procedural factors.

(2) To establish prima facie eligibility for a U nonimmigrant visa, an alien must have suffered substantial physical or mental abuse as the innocent victim of a qualifying crime for which the alien has been, is being, or will be helpful to law enforcement, which ordinarily requires an approved law enforcement certification.

(3) An alien who has filed a prima facie approvable petition for a U visa with the United States Citizenship and Immigration Services will ordinarily warrant a favorable exercise of discretion for a continuance for a reasonable period of time.

FOR RESPONDENT: Meredith R. Brown, Esquire, Glendale, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jailuk Parrino, Assistant Chief Counsel

BEFORE: Board Panel: NEAL, Chairman; GREER and MALPHRUS, Board Members.

GREER, Board Member:

In *Sanchez Sosa v. Holder*, 373 F. App'x 719 (9th Cir. 2010), the United States Court of Appeals for the Ninth Circuit denied the respondents' petition for review of our decision denying their motion to remand. However, the court found that the Immigration Judge abused his discretion in denying a motion for continuance to pursue the lead respondent's U visa request and granted the petition in that regard. The record was remanded to us for further proceedings on that issue.

We now articulate the factors that an Immigration Judge and the Board should consider in determining whether an alien has established good cause to continue a case involving a U nonimmigrant visa petition. We will remand

the record to the Immigration Judge to apply the factors we set forth to determine if a further continuance is warranted in this case.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondents are natives and citizens of Mexico—a husband, the lead respondent, and his wife and two children. They were served with a notice to appear on April 10, 2002. During the respondents' merits hearing on November 4, 2005, they sought a continuance because the lead respondent's U nonimmigrant visa petition, which included the other respondents as derivatives, was pending with the United States Citizenship and Immigration Services ("USCIS"). However, the Immigration Judge denied their requests for a continuance or administrative closure to await adjudication of the visa petition by the USCIS. The Immigration Judge issued an oral decision finding the respondents removable as charged under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), and denying the applications for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2006), filed by the lead respondent and his wife.

On July 12, 2007, we dismissed the respondents' appeal and denied their motion to remand for further consideration of their cancellation applications and to apply for adjustment of status. Regarding the lead respondent's U visa petition, we determined that the Immigration Judge properly denied administrative closure. We also concluded that the Immigration Judge's denial of a continuance was appropriate given that the cancellation applications had been pending for more than 3 years. The respondents filed a petition for review of our decision with the Ninth Circuit on August 13, 2007.[1]

On April 5, 2010, the Ninth Circuit affirmed our denial of the respondents' motion to remand to apply for adjustment of status but found that their motion to continue to pursue the lead respondent's U visa petition was improperly denied. Consequently, the court denied the respondents' petition for review in part, granted it in part, and remanded the record to us for further proceedings.

On remand, the respondents maintain that the lead respondent's U visa petition is still pending before the USCIS, and they request that their removal

---

[1] The respondents also filed a motion to reopen with the Board on August 17, 2007, arguing eligibility for employment-based adjustment of status. On November 8, 2007, we denied the motion to reopen, finding that the lead respondent had not established prima facie eligibility for adjustment of status because he did not have an approved Immigrant Petition for Alien Worker (Form I-140).

proceedings be stayed or that the record be remanded to the Immigration Judge until the application is adjudicated. The Department of Homeland Security ("DHS") asserts that remand to the Immigration Judge and continuance are inappropriate, arguing that the respondents did not use due diligence in filing for U nonimmigrant status, the record contains inadequate evidence that an application was ever filed with the USCIS, and the respondents have not established that they are prima facie eligible for U visas.

## II. ANALYSIS

### A. U Nonimmigrant Visa

#### 1. Statute and Regulations

Congress created the U visa as part of the Victims of Trafficking and Violence Protection Act of 2000, title V, Pub. L. No. 106-386, 114 Stat. 1464, 1518-37 (entitled Battered Immigrant Women Protection Act of 2000 ("BIWPA")). The purpose of the statute was to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and other crimes . . . while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." *Id.* § 1513, 114 Stat. at 1533; *see also Lee v. Holder*, 599 F.3d 973, 974 (9th Cir. 2010). Further, "Congress wanted to encourage aliens who are victims of criminal activity to report the criminal activity to law enforcement and fully participate in the investigation and prosecution of the perpetrators of such criminal activity." New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,014, 53,018 (Sept. 17, 2007) (Supplementary Information) (citing BIWPA § 1513(a)(1)(B)).

Section 101(a)(15)(U)(i) of the Act, 8 U.S.C. § 1101(a)(15)(U)(i) (2006), states in relevant part that an alien is eligible for U-1 nonimmigrant status if the Secretary of Homeland Security determines that

> (I) the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity . . .
> (II) the alien (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) possesses information concerning criminal activity . . . [and]
> (III) the alien (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, . . . prosecutor, . . . judge, . . . or . . . other . . . authorities . . . prosecuting criminal activity . . . .

The implementing regulations for section 101(a)(15)(U)(i) are codified at 8 C.F.R. § 214.14 (2012). Thus, "physical or mental abuse" is defined by the regulations as "injury or harm to the victim's physical person, or harm to or impairment of the emotional or psychological soundness of the victim." 8 C.F.R. § 214.14(a)(8).

Both the statute and the regulations define "criminal activity" by reference to a number of offenses "or any similar activity" in violation of Federal, State, or local criminal law. Section 101(a)(15)(U)(iii) of the Act; *see also* 8 C.F.R. § 214.14(a)(9).[2] The criminal activity must have "violated the laws of the United States or occurred in the United States" or its territories or possessions. Section 101(a)(15)(U)(i)(IV) of the Act; *see also* 8 C.F.R. § 214.14(b)(4). Moreover, aliens who are guilty of the qualifying criminal activity being investigated or prosecuted are ineligible for a U visa. *See* 8 C.F.R. § 214.14(a)(14)(iii) ("A person who is culpable for the qualifying criminal activity being investigated or prosecuted is excluded from being recognized as a victim of qualifying criminal activity.").

U nonimmigrant status may be approved for up to 4 years, and extensions may be requested. 8 C.F.R. § 214.14(g).[3] Moreover, an alien may apply to the USCIS for adjustment of status to become a lawful permanent resident if he or she can show continuous physical presence in the United States for a period of at least 3 years after acquiring U nonimmigrant status and establish that his or her continued presence in the United States "is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." Section 245(m) of the Act, 8 U.S.C. § 1255(m) (2006); *see also* 8 C.F.R. § 245.24(k) (2012).

---

[2] Specifically, these crimes include the following:

> rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

Section 101(a)(15)(U)(iii) of the Act; *see also* 8 C.F.R. § 214.14(a)(9).

[3] The Act also provides that when the alien victim is 21 years of age or older, the alien's spouse and children may accompany or follow to join him or her; when the alien victim is under age 21, the spouse, children, parents, and unmarried siblings under age 18 may accompany or follow to join. Section 101(a)(15)(U)(ii) of the Act; *see also* 8 C.F.R. § 214.14(a)(10), (f)(1).

## 2. Application Process

The alien bears the burden to establish eligibility for the U visa. 8 C.F.R. § 214.14(c)(4). To obtain a U visa, an alien must file with the USCIS a Petition for U Nonimmigrant Status (Form I-918), a biometric fee or fee waiver request, and "initial evidence" in accordance with instructions to the Form I-918. 8 C.F.R. § 214.14(c)(1). The alien must also submit a Form I-918, Supplement B (U Nonimmigrant Status Certification), known as a law enforcement certification ("LEC"), which is a form signed by a designated law enforcement official within 6 months immediately preceding its submission to the USCIS. 8 C.F.R. § 214.14(c)(2)(i). The LEC certifies that the alien has been, is being, or is likely to be helpful to the investigation or prosecution of qualifying criminal activity. *See* section 214(p)(1) of the Act, 8 U.S.C. § 1184(p)(1) (2006); 8 C.F.R. § 214.14(c)(2)(i). Further, the alien must submit documentation that he or she has suffered direct or proximate harm from the criminal activity, materials related to the alien's physical or mental abuse as a victim of the criminal activity, information the alien possesses regarding the criminal activity, evidence of the alien's helpfulness to law enforcement, evidence that the criminal activity violated United States law or occurred in the United States, and a personal statement. *See* 8 C.F.R. § 214.14(a)(14), (b), (c)(2).

U visas are available only to aliens who are admissible to the United States or who have been granted a waiver of inadmissibility by the USCIS. 8 C.F.R. §§ 212.17(a), 214.1(a)(3)(i) (2012). If an alien is inadmissible, he must file an application to waive inadmissibility on Form I-192 (Application for Advance Permission to Enter as Nonimmigrant) as part of the evidentiary submission. 8 C.F.R. § 214.14(b), (c)(2)(iv). The USCIS may, in its discretion, grant a waiver of inadmissibility if it determines that doing so would be in the public or national interest. 8 C.F.R. § 212.17(b)(1). In cases involving violent or dangerous crimes or inadmissibility relating to national security issues, the USCIS will exercise its discretion to waive inadmissibility only "in extraordinary circumstances." 8 C.F.R. § 212.17(b)(2).

The USCIS has exclusive jurisdiction over U visa petitions and applications for adjustment of status under section 245(m) of the Act. *See* 8 C.F.R. §§ 214.14(c)(1), 245.24(f), (k); *see also Lee v. Holder*, 599 F.3d at 975-76; *Sanchez v. Mukasey*, 508 F.3d 1254, 1255-56 (9th Cir. 2007). Neither a U visa petition nor an adjustment application based on an approved

U visa petition may be renewed during an alien's removal proceedings before the Immigration Judge. *See* 8 C.F.R. §§ 214.14(c)(5)(ii), 245.24(f)(2).[4]

While an Immigration Judge does not have jurisdiction over a U visa petition, an alien in removal proceedings may request a continuance from the Immigration Judge to seek such a visa or await a decision from the USCIS on a pending U visa petition.[5] *See Sanchez v. Mukasey*, 508 F.3d at 1255-56; *see also* 72 Fed. Reg. at 53,022 n.10 (Supplementary Information) ("While this rule specifically addresses joint motions to terminate, it does not preclude the parties from requesting a continuance of the proceeding.").[6]

## B. Motions for Continuance

Immigration Judges have broad discretionary authority over continuances based on the regulations, which state that an "Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2012); *see also Matter of Rajah*, 25 I&N Dec. 127, 129-30 (BIA 2009); 8 C.F.R. § 1240.6 (2012) (stating that an Immigration Judge may grant a reasonable adjournment at his or her own instance or for good cause shown by either party).

While good cause is not defined in the regulations, the Board has identified factors to be evaluated that are relevant to the purpose of, and the process for, acquiring visas in other contexts. In *Matter of Hashmi*, 24 I&N Dec. 785 (BIA 2009), we set forth "a framework to analyze whether good cause exists to continue proceedings to await adjudication by the USCIS" of a pending family-based visa petition. *Matter of Rajah*, 25 I&N Dec. at 130 (discussing *Matter of Hashmi*); *see also Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011) (adopting the *Hashmi* factors). We extended the *Hashmi* factors to employment-based visa petitions in *Matter of Rajah*, with additional consideration for the different procedural steps involved in that context.

Certain of the *Hashmi* factors also relate to the U visa, in particular: (1) the DHS's response to the motion; (2) whether the underlying visa petition is prima facie approvable; and (3) the reason for the continuance and other

---

[4] A denial of a U visa petition may be appealed to the Administrative Appeals Office. 8 C.F.R. § 214.14(c)(5)(ii). The Board has no jurisdiction to review this determination.

[5] The regulations also provide that proceedings may be terminated without prejudice while a U visa petition is pending before the USCIS if both parties agree. 8 C.F.R. § 214.14(c)(1)(i).

[6] The U visa is predicated on law enforcement priorities, which distinguishes it from most nonimmigrant classifications for which a continuance would not be warranted.

procedural factors.[7]    *Matter of Hashmi*, 24 I&N Dec. at 790.    Thus, as an initial matter, "the Immigration Judge should consider the DHS's position." *Id*. at 791.   If the DHS does not oppose a continuance, "the proceedings ordinarily should be continued by the Immigration Judge in the absence of unusual, clearly identified, and supported reasons for not doing so." *Id*.  "Government opposition that is reasonable and supported by the record" is a significant consideration, while "unsupported opposition does not carry much weight." *Id*.

Where the DHS opposes the continuance or further inquiry is otherwise warranted, "the focus of the inquiry is the likelihood of success" on the visa petition. *Matter of Rajah*, 25 I&N Dec. at 130; *see also Matter of Hashmi*, 24 I&N Dec. at 790-91.   Here, this relates to the respondent's prima facie eligibility for the U visa.   In this regard, the Immigration Judge should first consider whether it is likely that the respondent will be able to show that he suffered "substantial physical or mental abuse" as a victim of qualifying criminal activity, as opposed to only minor or incidental harm.   Section 101(a)(15)(U)(i)(I) of the Act.   Factors to be considered include the nature of the injury inflicted, the duration of the harm, and the severity of the perpetrator's conduct. *See* 8 C.F.R. § 214.14(b)(1).   Documentary evidence, such as medical reports or psychological evaluations that would be submitted to the DHS to support the petition, should be submitted to establish the extent of any injury.    Also, the underlying criminal activity must be a crime enumerated in section 101(a)(15)(U)(iii) of the Act or "similar activity" in violation of the laws of the United States, *see* section 101(a)(15)(U)(i)(IV) of the Act; 8 C.F.R. § 214.14(b)(4), and the alien himself may not be culpable. 8 C.F.R. § 214.14(a)(14)(iii).   If any of these requirements are not met, further evaluation of the respondent's assistance to law enforcement is not necessary, since the alien could not qualify for the U visa, even if he did obtain an LEC.

If the respondent has made a prima facie showing of abuse as a victim of a qualifying crime, the Immigration Judge should evaluate whether the alien has relevant information and has been, is being, or will be helpful to authorities investigating or prosecuting it.   8 C.F.R. § 214.14(b).   This requirement may be shown if the alien has obtained the LEC certification. *See, e.g.*, *Torres-Tristan v. Holder*, 656 F.3d 653, 657 n.4 (7th Cir. 2011) (observing that an alien is not able to provide information useful

---

[7] In *Hashmi*, we also identified the alien's statutory eligibility for adjustment of status and the discretionary merit of his or her application, which would be adjudicated by the Immigration Judge upon approval of the underlying visa petition.  Here, the entire U visa process, including adjustment of status under section 245(m) of the Act, falls under USCIS jurisdiction.  Hence, we need not evaluate the alien's potential eligibility for adjustment. Instead, we focus on the alien's prima facie eligibility for the U visa.

to investigating and prosecuting a crime if the statute of limitations has expired).  Ordinarily, the alien would not be able to show good cause if the LEC has not been approved, absent DHS support or other circumstances that the Immigration Judge finds compelling.[8]  *Cf. Matter of Rajah*, 25 I&N Dec. at 136-37 (stating that an alien may lack good cause for a continuance based on a pending labor certification in the absence of additional persuasive factors such as the demonstrated likelihood of its imminent adjudication or DHS support for the motion).

If the alien is inadmissible, he or she must file a waiver application on Form I-192 as part of the evidentiary submission to the USCIS.  8 C.F.R. § 214.14(b), (c)(2).  The USCIS may, in its discretion, grant a waiver of inadmissibility and, as to any criminal offenses, will "consider the number and severity of the offenses."  8 C.F.R. § 212.17(b)(2).  "In cases involving violent or dangerous crimes or inadmissibility based on the security and related grounds in section 212(a)(3) of the Act," the USCIS will only grant the waiver "in extraordinary circumstances."  *Id*.  Thus, when the alien is inadmissible, the Immigration Judge should assess the likelihood that the USCIS will exercise its discretion favorably under the regulatory standard as part of the determination of prima facie eligibility.  *See Torres-Tristan v. Holder*, 656 F.3d at 656 n.3.

When Form I-918 and the Form I-918 Supplement B have been filed, an alien generally should provide the Immigration Judge with copies of these submissions and relevant supporting documents, including a waiver of inadmissibility on Form I-192, if applicable.[9]  *See Matter of Hashmi*, 24 I&N Dec. at 792.  The alien should also provide a receipt indicating that the petition has been submitted to the USCIS.  If the alien shows that he has filed a completed application before the USCIS, including the LEC, and the petition appears to meet the necessary criteria to be granted, then any delay not attributable to the alien "augurs in favor of a continuance."  *Id.* at 793; *see also Malilia v. Holder*, 632 F.3d at 606 ("[D]elays in the USCIS approval process are no reason to deny an otherwise reasonable continuance request.").  However, "a history of continuances being granted by the Immigration Judge" to await adjudication of a U visa petition "coupled with other relevant factors, may support a decision to move forward with the case."  *Matter of Hashmi*, 24 I&N Dec. at 794.  Thus, even if a completed application is pending with the

---

[8] Law enforcement is not obligated to issue an approved LEC, which is a discretionary determination.  *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 227 (5th Cir. 2010) (stating that the LEC determination "is a classic example of a discretionary decision").

[9] If there are other respondents whose removal proceedings are consolidated with the petitioning alien's, as in this case, the Form I-918 Supplement A (Petition for Qualifying Family Member of U-1 Recipient) should also be provided.  *See* 8 C.F.R. § 214.14(f)(2).

USCIS, the Immigration Judge may consider the length of time the application has been pending, the number of prior continuances that the court has provided, and additional relevant considerations in deciding whether a further continuance is warranted under the circumstances.[10]   Morever, as noted in *Matter of Hashmi*, 24 I&N Dec. at 790, these factors are not exhaustive, and the Immigration Judge may consider other relevant considerations in determining whether good cause has been shown for a continuance.

With a U visa petition, as with a family-based or employment-based petition, the Immigration Judge should consider and articulate all of the relevant factors to "evaluate the viability of the underlying" petition and determine whether it is likely to be granted by the USCIS.  *Matter of Hashmi*, 24 I&N Dec. at 791; *see also Matter of Rajah*, 25 I&N Dec. at 130. As a general rule, there is a rebuttable presumption that an alien who has filed a prima facie approvable application with the USCIS will warrant a favorable exercise of discretion for a continuance for a reasonable period of time.  *See Matter of Hashmi*, 24 I&N Dec. at 790.  However, an alien who is unlikely to be granted the U visa should not be permitted to seek a visa as a dilatory tactic to forestall the conclusion of removal proceedings.

### C.  Respondents' Request for Continuance

Based on the Ninth Circuit's remand in this case, the respondents do not now have final orders of removal and are seeking to continue their removal proceedings to await USCIS adjudication of the lead respondent's pending U visa.  The DHS opposes the request, arguing primarily (1) that the record does not contain documentary evidence sufficient to establish that an application is pending with the USCIS and (2) that the lead respondent has not shown that he is prima facie eligible for a U visa.

The respondents provided an LEC from 2003, another from 2005, a personal statement, and other materials related to both the criminal activity the respondents experienced and their victimization.  *See* 8 C.F.R. § 214.14(a)(14).  The respondents did not file a copy of the Form I-918 or an application to waive inadmissibility with the Immigration Judge, apparently because the DHS had not yet promulgated regulations implementing the U visa statute at the time of their Immigration Court proceedings in November 2005. The U visa regulations were later published in 2007.  *See* 72 Fed. Reg. 53,014; *see also* Violence Against Women and Department of Justice Reauthorization

---

[10]  Aliens subject to an order of removal may seek a stay from the USCIS to await the adjudication of a U visa.  Section 237(d) of the Act, 8 U.S.C. § 1227(d)(2006); 8 C.F.R. § 214.14(c)(1)(ii).  If the U visa is granted, the alien may file a motion to reopen and terminate removal proceedings under 8 C.F.R. § 214.14(c)(5)(i).

Act of 2005, § 828, Pub. L. No. 109-162, 119 Stat. 2960, 3066. The respondents' counsel stated at their hearing before the Immigration Judge in November 2005 that a U visa request had recently been submitted and that they were waiting for the USCIS to send them a receipt.

Upon the Ninth Circuit's remand to the Board, the respondents' counsel submitted a declaration indicating that the U visa request remains pending before the USCIS. However, this declaration does not constitute proof that the materials were ever filed and that the application is actually pending before the USCIS. On remand, the respondents should be given a final opportunity to provide copies of and proof regarding the filing of their application with the USCIS and to otherwise meet the criteria established in this decision for the Immigration Judge's consideration of their request for a continuance. We express no opinion as to the outcome on remand. Rather, we are remanding for the Immigration Judge to apply the factors now set forth as a matter of first impression.

Accordingly, we will remand these proceedings to the Immigration Judge to further evaluate whether the respondents have established good cause for a continuance based on all of the foregoing and any other factors the Immigration Judge deems relevant.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.