**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SELVIN VIGIL-CARBALLO, | Nos. 17-70580 |
| | 17-72889 |
| Petitioner, | 18-71415 |
| v. | Agency No. A200-963-578 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020[**]

Before:  GRABER, TALLMAN, and CLIFTON, Circuit Judges.

In these consolidated petitions for review, Petitioner Jose Selvin Vigil-

Carballo, a native and citizen of El Salvador, timely challenges an order of the

Board of Immigration Appeals ("BIA") denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

as well as orders denying his motions to reopen and to reconsider.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1.  The BIA did not err in denying Petitioner's application for asylum as untimely because substantial evidence supports its findings that Petitioner's delay in applying for asylum was neither reasonable nor due to extraordinary circumstances.  See Conde Quevedo v. Barr, 947 F.3d 1238, 1241 (9th Cir. 2020) (stating substantial evidence standard).  Moreover, the facts that Petitioner claims were ignored by the BIA were not presented to the immigration judge, so the BIA was not obligated to consider them.  Hui Ran Mu v. Barr, 936 F.3d 929, 936 n.14 (9th Cir. 2019) (citing 8 C.F.R. § 1003.1(d)(3)(iv)).

2.  The BIA did not err in denying withholding of removal because substantial evidence supports its finding that Petitioner is not a member of his proposed "witness" group.  See Hernandez-Montiel v. INS, 225 F.3d 1084, 1091 (9th Cir. 2000) (recognizing that whether an individual is a member of a proposed social group is a question of fact), overruled on other grounds by Thomas v. Gonzales, 409 F.3d 1177 (9th Cir. 2005) (en banc).  Petitioner's cousin was killed in 2010, but the record does not show that Petitioner witnessed the killing or has been, or is likely to be, involved in any investigation or criminal proceeding related to his cousin's death.

3. The BIA did not err in denying relief under CAT because substantial evidence supports its finding that the Salvadoran government would not likely acquiesce in any torture that Petitioner might endure. That the police did not take Petitioner's written statement in the past does not compel a finding that the police would be willfully blind to torture by gangs. Moreover, the record reflects the Salvadoran government's increased efforts to combat gang violence, including efforts to combat police corruption.

4. Reviewing de novo, Olivas-Motta v. Whitaker, 910 F.3d 1271, 1275 (9th Cir. 2018), cert. denied, 140 S. Ct. 1105 (2020), we hold that the immigration judge did not violate Petitioner's Fifth Amendment due process rights by sequestering him while his witness testified, because Petitioner identified no prejudice that resulted from the immigration judge's decision. See Gonzaga-Ortega v. Holder, 736 F.3d 795, 804 (9th Cir. 2013) (stating that a due process claimant "must demonstrate error and substantial prejudice").

5. Reviewing for abuse of discretion, Tadevosyan v. Holder, 743 F.3d 1250, 1252 (9th Cir. 2014), we hold that the BIA did not err by denying Petitioner's motion to reopen, because Petitioner did not demonstrate eligibility for a U visa. To merit reopening, Petitioner was required to show that he was prima facie eligible for a U visa which, in turn, required him to show that he had obtained a

"certification" in compliance with 8 U.S.C. § 1184(p)(1); see also 8 C.F.R. § 214.14(c)(2)(i) (setting forth the requirements of the certification). Petitioner did not have that certification when he moved to reopen proceedings, so he did not establish prima facie eligibility for a U visa.

Petitioner asserts that the BIA erred because Matter of Sanchez Sosa, 25 I. & N. Dec. 807 (BIA 2012), established an exception to the certification requirement in cases involving compelling circumstances. But Petitioner misreads that case. Sanchez Sosa focused on "the factors that an Immigration Judge and the Board should consider in determining whether an alien has established good cause to continue a case involving a U nonimmigrant visa petition." 25 I. & N. at 807. The BIA's statement that an alien may, in compelling circumstances, establish "good cause" notwithstanding a lack of certification is tied to eligibility for a continuance. Id. at 814. The BIA did not hold that compelling circumstances could excuse a lack of certification for determining eligibility for a U visa.

6. The BIA did not abuse its discretion by denying Petitioner's motion to reconsider. A motion to reconsider must state "the errors of law or fact in the previous order." 8 U.S.C. § 1229a(c)(6)(C). Petitioner did not challenge the BIA's factual findings. And, as discussed above, the BIA did not misapply Matter of

4

<u>Sanchez Sosa</u>.  Accordingly, Petitioner did not identify legal or factual errors that supported his motion to reconsider.

**PETITIONS DENIED.**