**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENA GONZALEZ-MATUS, | No.   18-71455 |
| Petitioner, | Agency No. A205-868-691 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021<sup>**</sup>
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Lorena Gonzalez-Matus, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing her appeal from an

immigration judge's denial of her motion to reopen.  We have jurisdiction pursuant

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to 8 U.S.C. § 1252.  We review for an abuse of discretion.  *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) ("The [agency] abuses its discretion when its decision is arbitrary, irrational, or contrary to law.").  We deny the petition for review.

The agency did not abuse its discretion in denying petitioner's motion to reopen to pursue a U Visa.  Petitioner may pursue a U Visa with a removal order in place.  *See* 8 C.F.R. § 214.14(c)(1)(ii).  Petitioner's contentions that the agency did not consider material factors and failed to follow regulations or its own guidelines are not supported.  *Matter of Sanchez Sosa* sets forth "the factors that an Immigration Judge and the Board should consider in determining whether an alien has established good cause *to continue* a case involving a U nonimmigrant visa petition" not to reopen a case.  25 I. & N. Dec. 807, 807 (BIA 2012) (emphasis added); *id.* at 815 ("Aliens subject to an order of removal may seek a stay from the USCIS to await the adjudication of a U visa.  Section 237(d) of the Act, 8 U.S.C. § 1227(d)(2006); 8 C.F.R. § 214.14(c)(1)(ii).  If the U visa is granted, the alien may file a motion to reopen and terminate removal proceedings under 8 C.F.R. § 214.14(c)(5)(i).").

The agency did not abuse its discretion in denying petitioner's motion to reopen to pursue cancellation of removal on the ground that she failed to make a

prima facie case for exceptional and extremely unusual hardship. *See Garcia v. Holder*, 621 F.3d 906, 911-14 (9th Cir. 2010) (the court has jurisdiction review the denial of a motion to reopen when the relief is the same, but the basis is different; no abuse of discretion in determining the new evidence was insufficient to show the exceptional and extremely unusual hardship). Petitioner's contentions that (1) the agency applied the wrong standard, (2) the agency failed to properly review the new evidence submitted with her motion, or (3) the BIA engaged in improper fact-finding are not supported.

**PETITION FOR REVIEW DENIED.**[1]

---

[1]The motion by ASISTA Immigration Assistance, National Network to End Domestic Violence, Freedom Network USA, and Asian Pacific Institute to End Gender-Based Violence for leave to file an out-of-time amici curiae brief is GRANTED.