NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA MONSERRAT MORENO-VALENCIA, AKA Francisca Valencia, AKA Francisca Valencia Acuna, AKA Maria de Monserrat Moreno Valencia, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-72944 <br><br> Agency No. A206-093-375 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2021[**]
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.


Maria Monserrat Moreno-Valencia petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing her appeal from the order of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge (IJ) denying her motion to continue proceedings and her application for cancellation of removal. She also argues that her waiver of counsel at the removal hearing was invalid. We grant the petition as to the motion to continue proceedings and dismiss as to the other claims for lack of jurisdiction.

1. A decision regarding whether a pending petition for collateral relief provides "good cause" to continue removal proceedings "must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). "[T]here is a rebuttable presumption that an alien who has filed a prima facie approvable [U-visa] application with the USCIS will warrant a favorable exercise of discretion for a continuance for a reasonable period of time." *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 815 (BIA 2012). Beyond this "most important consideration," the decision "must also consider any other relevant factors," such as "administrative efficiency." *L-A-B-R-*, 27 I. & N. Dec. at 415. However, "delays in the USCIS approval process are no reason to deny an otherwise reasonable continuance request. . . . If approval can wait, then surely removal can also wait." *Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011).

The IJ did not apply this standard to Moreno-Valencia's request to continue her removal proceedings based on her pending petition for a U-visa. The IJ based

his denial only on the irrelevant fact that Moreno-Valencia's ex-husband had already "been deported based on her report of his criminal activity."

The BIA also failed to apply the proper standard. The BIA did not refer to the likelihood that Moreno-Valencia would receive a U-visa or to whether the grant of a U-visa would materially affect her removal proceedings. Instead, the sole fact the BIA offered to support its decision was the lengthy "average processing time" for the USCIS to decide U-visa petitions. But if Moreno-Valencia's request was "otherwise reasonable," the USCIS's inefficiency provides "no reason" to deny it. *Malilia*, 632 F.3d at 606. And although Moreno-Valencia had received previous continuances based on her U-visa application, the BIA made no finding on this issue, let alone a finding that Moreno-Valencia had not "'exercise[d] due diligence' in pursuing" the U-visa. *L-A-B-R-*, 27 I. & N. Dec. at 415 (quoting *Mazariegos-Paiz v. Holder*, 734 F.3d 57, 66 (1st Cir. 2013)); *see also id.* at 417 ("A [petitioner] who makes a compelling case that he will receive collateral relief and successfully adjust status may receive a continuance even if . . . he has already received previous continuances."). We therefore grant Moreno-Valencia's petition as to this issue and remand for reconsideration under the proper legal standard.

**2.** We lack jurisdiction to review Moreno-Valencia's challenges to the BIA's and IJ's determination of "exceptional and extremely unusual hardship"

under 8 U.S.C. § 1229b(b)(1)(D), as those challenges do not raise a colorable constitutional or legal question. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735–37 (9th Cir. 2012). For example, contrary to Moreno-Valencia's contentions, the IJ did not err as a legal matter by failing to consider the special needs of her older child or the derivative hardship from her removal. Rather, the IJ noted the child's "educational . . . special needs," Moreno-Valencia's "fear of her ex-husband," her employment prospects, and her family in Mexico, among other factors. The BIA also noted her child's special needs before applying *In re Andazola-Rivas*, 23 I. & N. Dec. 319 (BIA 2002). We therefore dismiss the petition as to the denial of cancellation of removal.

**3.** Moreno-Valencia also challenges the validity of her waiver of counsel, but she did not raise this issue in her brief to the BIA. We therefore lack jurisdiction to review the validity of the waiver. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam). Accordingly, we dismiss the petition as to this issue as well.

**PETITION FOR REVIEW GRANTED in part and DISMISSED in part; CASE REMANDED.**

The parties shall bear their own costs.