# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2022

Lyle W. Cayce
Clerk

No. 20-60531
Summary Calendar

---

Jose Alejandro Velasquez-Zelaya *also known as* Jose Velasquez-Celaria,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 550 255

---

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

　　Jose Alejandro Velasquez-Zelaya is a native and citizen of Honduras. He seeks review of a Board of Immigration Appeals (BIA) opinion denying

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60531

cancellation of removal and a continuance to pursue a U-visa. The petition for review is denied.

Velasquez-Zelaya contends that the BIA engaged in improper fact-finding. The BIA did not engage in fact-finding such as developing a record, gathering new information, or choosing between disputed facts. *Cf. Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020). The BIA applied the facts to the question of whether good cause existed for a continuance. *Cf. Sharan v. Wilkinson,* 850 F. App'x 878, 882 (5th Cir. 2021).[1] That the BIA looked to different, but undisputed, record facts than the immigration judge does not establish that the BIA engaged in improper fact-finding.

Next, Velasquez-Zelaya argues that the BIA applied an incorrect standard of review regarding due diligence. Whether an alien employed due diligence is a mixed question of law and fact. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020); *Trejo v. Garland*, 3 F.4th 760, 772 (5th Cir. 2021). Velasquez-Zelaya did not contest any of the facts that the BIA used in making its due diligence determination. Therefore, the BIA did not err by conducting a de novo review of whether those facts met the legal standard for due diligence. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Lastly, Velasquez-Zelaya argues that the BIA erroneously applied the standard for a continuance when there is a pending application for a U-visa. When considering a motion for a continuance to pursue a U-visa, the relevant factors are: "(1) the DHS's response to the motion; (2) whether the underlying petition is prima facie approvable; and (3) the reason for the continuance and other procedural matters." *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-13 (BIA 2012). In *Matter of L-A-B-R-*, the Attorney General

---

[1] Unpublished opinions issued on or after January 1, 1996, are not precedential but may be persuasive. *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

2

clarified this standard, stating that an IJ "should assess whether good cause supports" a continuance "by applying a multifactor analysis, which requires that the immigration judge's principal focus be on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." 27 I. & N. Dec. 405, 406 (Att'y Gen. 2018). In addition to this "primary consideration," the Attorney General identified several secondary factors, such as diligence, DHS's position on the continuance, and administrative efficiency. *Id.* at 415.

This court has previously held that the BIA does not abuse its discretion by retroactively applying *Matter of L-A-B-R-*, as it is "not a significant departure from prior precedent," and "merely clarified the relevant factors to be considered in determining whether there is good cause for a continuance." *Faudoa-Gonzalez v. Barr*, 836 F. App'x 242, 248 (5th Cir. 2020). Accordingly, the BIA did not abuse its discretion by applying *Matter of L-A-B-R-* to Velasquez-Zelaya's case.

Moreover, the BIA properly applied the standard set forth in *Matter of L-A-B-R*. The BIA analyzed the record and found that, even assuming that the primary consideration of likelihood of success weighed in favor of a continuance, the secondary considerations of diligence, DHS opposition, and the length of time necessary to adjudicate the U-visa application did not. *Matter of L-A-B-R-*, 27 I. & N. Dec. at 415. The BIA did not abuse its discretion by denying the continuance. *See Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).

The petition for review is DENIED.