**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELICIANA AJANEL RAMOS, | No. 21-616 |
| Petitioner, | Agency No. A208-580-232 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2024**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Petitioner Feliciana Ajanel Ramos, a Guatemalan national, seeks review of

the Board of Immigration Appeals' ("BIA's" or the "Board's") denial of her

applications for withholding of removal under Section 241(b)(3) of the

Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and for protection under

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

the Convention Against Torture, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994) ("CAT"). In addition to challenging the merits of the Board's decision, Petitioner claims that she was improperly denied a continuance of her withholding-only proceeding pending adjudication of her "U visa" application.

We assume familiarity with the facts and law. We have jurisdiction under 8 U.S.C. § 1252(a)(1).[1] "Where the BIA conducts its own review of the evidence and law, . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). We review the BIA's "factual findings for substantial evidence[,] . . . legal questions de novo," *id.* (citation omitted), and decision to grant or deny a continuance for abuse of discretion, *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). We deny the petition.

1. "An applicant is entitled to withholding of removal if [her] 'life or freedom would be threatened in th[e] country [of removal] because of [her] . . . race, religion, nationality, membership in a particular social group, or political

---

[1] Respondent initially challenged our jurisdiction but now concedes that *Alonso-Juarez v. Garland*, 80 F.4th 1039 (9th Cir. 2023), establishes that the 30-day deadline in 8 U.S.C. § 1252(b)(1) is a non-jurisdictional rule, and that the time limit does not begin to run until the conclusion of reasonable-fear proceedings. *Alonso-Juarez*, 80 F.4th at 1043. As such, we have jurisdiction over this timely appeal.

opinion.'" *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (quoting 8 U.S.C. § 1231(b)(3)(A)). Here, substantial evidence supports the agency's determination that Petitioner "was the victim of purely criminal acts" (internal quotation marks omitted) as opposed to persecution on account of a protected status.[2]

Petitioner seeks relief due to discrimination against women in Guatemala such as herself. To that end, she alleges that "her aunt, Rosalia, threatened to kill her because of property that [Petitioner's] . . . deceased mother had left [her]." On appeal, "Petitioner submits that . . . . [i]t is unlikely that [her aunt] would have threatened or attempted to murder a male with the same impunity." However, substantial evidence supports the IJ's conclusion that "at no time during [Petitioner]'s testimony or in any of her documents did [she] ever claim that the threats of death . . . by . . . her Aunt . . . were based on [her] gender." Indeed, "[n]o evidence was presented that *any* of the events in question had anything to do with the fact that [Petitioner] is female" (emphasis added). Accordingly, we hold that Petitioner has supplied no basis to infer a gendered motive for her aunt's actions.

Petitioner next asserts that Miguel—a gang member who demanded that Petitioner be his girlfriend—threatened her with rape, which "demonstrates that

---

[2] Since we dismiss Petitioner's claim for lack of nexus, we assume without deciding—as did the BIA—that her asserted class, "women in Guatemala," would qualify for purposes of Section 1231(b) relief.

[he] targeted [her] based on her gender." Setting aside the fact that sexual violence can be committed against victims of any gender, we have previously held that "[a]n alien's desire to be free from . . . random violence by gang members [such as Miguel] bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Hence, Petitioner's arguments for withholding of removal once more fail for lack of nexus.

Substantial evidence supports the IJ's finding that Petitioner did not establish any nexus between her proposed class and the threat of persecution. We thus deny her claim for withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of . . . withholding of removal claims.").

2. Turning to CAT, we hold that substantial evidence supports the Board's determination that Petitioner failed to show she would be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). Petitioner filed a report with the Guatemalan police about the threats and shooting incident that she believed involved her aunt. And the police responded and investigated the incident pursuant to Petitioner's police report. Although the police never arrested Petitioner's aunt, the IJ reasonably concluded that the police's response failed to show that the Guatemalan government is unable or unwilling to protect Petitioner. *Barajas-Romero v. Lynch*,

4

846 F.3d 351, 363 (9th Cir. 2017) ("CAT relief is unavailable . . . without evidence that the police are unwilling or unable to oppose the crime, not just that they are unable to solve it, as when the torturers cannot be identified.").  Moreover, Petitioner's contention that country conditions evidence establishes that state officials in Guatemala "continue to believe that domestic violence is not a police problem at all" provides no basis for CAT relief.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

The IJ held that Petitioner "ha[d] not presented a likelihood of torture which would be condoned by the Guatemalan Government."  These determinations were upheld by the BIA.  Finding them to be supported by substantial evidence, we affirm.

3.  Finally, we affirm the Board's holding that Petitioner was not entitled to a continuance while her U visa application was pending.  Whether a continuance is appropriate depends on, *inter alia*, "(1) the DHS's response to the motion; (2) whether the underlying visa petition is prima facie approvable; and (3) the reason for the continuance and other procedural factors."  *In re Sosa*, 25 I&N Dec. 807, 812–13 (B.I.A. 2012).  Here, DHS opposed the motion.  The IJ found that Petitioner did not make a prima facie showing of U visa eligibility, a conclusion

5

that the BIA upheld.  In any event, Petitioner's U visa application would not have entitled her to remain in the country.  *See* 8 C.F.R. § 214.14(f)(2)(ii).  The BIA also noted that Petitioner could still pursue a U visa with U.S. Citizenship and Immigration Services and could request a stay of removal for that purpose.  Thus, it was not an abuse of discretion to deny the continuance.  *See Olea-Serefina*, 34 F.4th at 866.

* * *

In summary, Petitioner has not shown a nexus between the persecution she fears and her membership in a protected group so as to qualify for withholding of removal.  Nor has she proven state action sufficient for CAT relief or cause for a continuance.  Hence, we deny the petition.

**DENIED.**