# Matter of Safraz KHAN, Respondent

*Decided September 8, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Immigration Judges do not have authority to adjudicate a request for a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(3)(A)(ii) (2012), by a petitioner for U nonimmigrant status.

FOR RESPONDENT: Antonio Bugge, Esquire, Fort Lauderdale, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Lois B. Agronick, Associate Legal Advisor

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

CREPPY, Board Member:

In a decision dated February 19, 2015, an Immigration Judge concluded that she had concurrent jurisdiction to adjudicate the respondent's request for a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(3)(A)(ii) (2012), but she denied the waiver as a matter of discretion and ordered the respondent removed from the United States. The respondent has appealed from that decision. The Department of Homeland Security ("DHS") opposes the appeal and argues that the Immigration Judge erred in assuming jurisdiction over the respondent's waiver request. The appeal will be dismissed.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guyana who was admitted to the United States as a lawful permanent resident on May 25, 1992. On March 11, 2008, he was convicted of attempted lewd or lascivious battery, computer pornography and child exploitation, and transmission of harmful material to a minor in violation of sections 800.04(4)(a), 847.0135(3), and 847.0138(2) of the Florida Statutes, respectively. The respondent was

---

[1] We appreciate the parties' submission of supplemental briefs in support of their positions on appeal.

subsequently placed into removal proceedings by a notice to appear charging him with being removable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of sexual abuse of a minor, which is an aggravated felony under section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (2012).

The Immigration Judge sustained the charge of removability. The respondent did not request relief from removal before the Immigration Judge. Instead, he sought a waiver in conjunction with his visa petition for U nonimmigrant status under section 101(a)(15)(U) of the Act from the United States Citizenship and Immigration Services ("USCIS"). He filed a Petition for U Nonimmigrant Status (Form I-918) on October 19, 2012, and an Application for Advance Permission to Enter as a Nonimmigrant (Form I-192) on November 19, 2012. On June 4, 2013, the Immigration Judge administratively closed the case pending adjudication of the respondent's petition for U nonimmigrant status. The DHS filed an interlocutory appeal.

On August 14, 2013, we declined to exercise jurisdiction over the interlocutory appeal and returned the record to the Immigration Court without further action. The USCIS denied both the visa petition and the waiver request on December 17, 2014. The respondent's case was subsequently recalendared, and he requested a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Act from the Immigration Judge.

The Immigration Judge acknowledged that the USCIS had exclusive jurisdiction over petitions for U nonimmigrant status but found that she had concurrent jurisdiction to adjudicate the respondent's request for a section 212(d)(3)(A)(ii) waiver. In reaching that conclusion, the Immigration Judge relied on *Matter of Sanchez Sosa*, 25 I&N Dec. 807 (BIA 2012), and *L.D.G. v. Holder*, 744 F.3d 1022 (7th Cir. 2014), a decision of the United States Court of Appeals for the Seventh Circuit.[2] She then applied the analytical framework set forth in *Matter of Hranka*, 16 I&N Dec. 491 (BIA 1978), and concluded that the respondent did not satisfy his burden of establishing that he merited a grant of the waiver in the exercise of discretion.

---

[2] In *Matter of Sanchez Sosa*, 25 I&N Dec. at 811, we stated that "[t]he USCIS has exclusive jurisdiction over U visa petitions and applications for adjustment of status under section 245(m) of the Act[, 8 U.S.C. § 1255(m) (2006)]." The Immigration Judge interpreted this statement as implicitly permitting an Immigration Judge to have concurrent jurisdiction over a section 212(d)(3)(A) waiver, which she considered to be separate from the petition and the adjustment application. We disagree that *Matter of Sanchez Sosa* supports such a conclusion, because we did not specifically address that issue.

## II. ISSUE

The question before us is whether an Immigration Judge has authority to adjudicate a request for a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Act by a petitioner for U nonimmigrant status.[3]

## III. ANALYSIS

### A. USCIS Jurisdiction Over Petitions for U Nonimmigrant Status and Requests for Waivers of Inadmissibility

The petitioning and application procedures for U visas under the Act and the regulations reflect that the USCIS has exclusive jurisdiction over petitions for U nonimmigrant status under section 101(a)(15)(U) of the Act. Section 214(p) of the Act, 8 U.S.C. § 1184(p) (2012); 8 C.F.R. § 214.14(c)(1) (2016); *see also Matter of G-K-*, 26 I&N Dec. 88, 93 (BIA 2013); *Matter of Sanchez Sosa*, 25 I&N Dec. at 811. To establish prima facie eligibility for U nonimmigrant status, the petitioner must present, inter alia, a law enforcement certification from an appropriate law enforcement authority and, if necessary, an application for a waiver of inadmissibility, as part of the evidentiary submission to the USCIS. *See Matter of Sanchez Sosa*, 25 I&N Dec. at 811; 8 C.F.R. §§ 214.14(b), (c)(2). Aliens seeking to apply for U nonimmigrant status, including those in removal proceedings, must file a petition on a Form I-918 directly with the USCIS. 8 C.F.R. § 214.14(c)(1).

Only petitioners who are admissible to the United States or who have been granted a waiver of inadmissibility by the USCIS are eligible for

---

3   Section 212(d)(3)(A) of the Act provides in pertinent part as follows:

Except as provided in this subsection, an alien
. . .
(ii) who is inadmissible under section (a) (other than paragraphs (3)(A)(i)(I), (3)(A)(ii), (3)(A)(iii), (3)(C) and clauses (i) and (ii) of paragraph (3)(E) of such subsection), but who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General. The Attorney General shall prescribe conditions, including exaction of such bonds as may be necessary, to control and regulate the admission and return of inadmissible aliens applying for temporary admission under this paragraph.

This waiver was previously at former section 212(d)(3)(B) of the Act, 8 U.S.C. § 1182(d)(3)(B) (2000), until it was redesignated by section 104 of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302, 309.

U nonimmigrant status. *See* section 212(d)(14) of the Act;[4] 8 C.F.R. §§ 212.17(a), 214.1(a)(3)(i), 214.14(c)(2)(iv) (2016). Congress enacted section 212(d)(14) of the Act to provide a waiver of inadmissibility specifically for petitioners for U nonimmigrant status. New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,014, 53,021 (Sept. 17, 2007) (Supplementary Information). Under this provision, only the Secretary of Homeland Security has the discretion to waive grounds of inadmissibility for such petitioners.

In order to apply for such a waiver, a petitioner must file a Form I-192 as part of the evidentiary package submitted to the USCIS. 8 C.F.R. §§ 212.17(a), 214.14(c)(2)(iv); *see also Matter of Sanchez Sosa*, 25 I&N Dec. at 811. As the delegate of the Secretary of Homeland Security, the USCIS evaluates the petitioner's application to determine whether it is in the public or national interest to waive inadmissibility in the exercise of discretion. In cases involving violent or dangerous crimes or inadmissibility relating to national security issues, the USCIS may exercise its discretion to waive inadmissibility only in extraordinary circumstances. 8 C.F.R. § 212.17(b)(2). The decision of the USCIS (or the Secretary of Homeland Security) is not appealable, but the petitioner is not precluded from re-filing a request for a waiver in appropriate cases. 8 C.F.R. § 212.17(b)(3).

### B. Limited Authority of Immigration Judges To Adjudicate Waivers of Inadmissibility Under Section 212(d)(3)(A)(ii) of the Act

The waiver of inadmissibility under section 212(d)(3)(A) of the Act is a general waiver that authorizes the temporary admission of nonimmigrant aliens applying for advance permission to enter the United States in the discretion of the Attorney General. An alien who is seeking admission may apply for the waiver at a port of entry or a preclearance office designated by the United States Customs and Border Protection ("CBP") pursuant to

---

[4]  Section 212(d)(14) of the Act provides as follows:

> The Secretary of Homeland Security shall determine whether a ground of inadmissibility exists with respect to a nonimmigrant described in section 101(a)(15)(U). The Secretary of Homeland Security, in the Secretary of Homeland Security's discretion, may waive the application of subsection (a) (other than paragraph (3)(E)) in the case of a nonimmigrant described in section 101(a)(15)(U), if the Secretary of Homeland Security considers it to be in the public or national interest to do so.

section 212(d)(3)(A)(ii). [5] *See* Form I-192: Application for Advance Permission to Enter as Nonimmigrant, https://www.uscis.gov/i-192.

The respondent argues that since the Attorney General has jurisdiction to grant a section 212(d)(3)(A)(ii) waiver, the Immigration Judges also implicitly have such authority with regard to U visas. In support of this argument, he relies on *L.D.G.*, 744 F.3d at 1030−31, where the Seventh Circuit concluded that Congress did not preclude petitioners for U nonimmigrant status from requesting that the Attorney General grant a section 212(d)(3)(A)(ii) waiver, which has generally been available to nonimmigrants before and after the enactment of sections 101(a)(15)(U) and 212(d)(14) of the Act. Consequently, the court held that Immigration Judges have jurisdiction to grant the waiver to a U visa applicant. *Id.* at 1031. However, it is not clear that Congress would have intended for the Attorney General to have jurisdiction over these waivers to accord U nonimmigrant status once it gave the DHS exclusive jurisdiction over U visas.

As discussed above, when Congress created the U nonimmigrant visa, it also enacted section 212(d)(14) of the Act, which provided a specific waiver of inadmissibility for petitioners for U nonimmigrant status, and this waiver now falls within the exclusive jurisdiction of the DHS. The legislative intent as to the interplay between the waivers in section 212(d)(3)(A)(ii) and section 212(d)(14) is unclear. The language of section 212(d)(3)(A)(ii) that refers to the Attorney General currently provides a general waiver of inadmissibility for certain qualifying nonimmigrant aliens. However, even if the Attorney General has this waiver authority regarding U visas, we cannot conclude that such authority extends to Immigration Judges without taking the governing regulations and the authority of Immigration Judges into account.

The Attorney General has delegated limited authority to Immigration Judges to adjudicate a section 212(d)(3)(A)(ii) waiver request pursuant to 8 C.F.R. §§ 212.4(b), 235.2(d), 1212.4(b), and 1235.2(d) (2016). These regulations provide that an application for the exercise of discretion may be submitted on a Form I-192 to the district director in charge of the alien's arrival in the United States and that an alien may renew his or her application before the Immigration Judge in the context of a deferred inspection after the waiver has been denied at the port of entry. According to 8 C.F.R. §§ 212.4(b) and 1212.4(b),

---

[5] In addition, an alien who is outside the United States may apply for a waiver at a United States consulate pursuant to section 212(d)(3)(A)(i) of the Act.

> If the application is made at the time of the applicant's arrival to the district director at a port of entry, the applicant shall establish that he was not aware of the ground of inadmissibility and that it could not have been ascertained by the exercise of reasonable diligence, and he shall be in possession of a passport and visa, if required, or have been granted a waiver thereof. . . . If denied, the denial shall be without prejudice to renewal of the application in the course of proceedings before [an Immigration Judge] . . . .[6]

These regulations are consistent with 8 C.F.R. §§ 235.2(d) and 1235.2(d), which provide that "[r]efusal of a district director . . . to grant an application for the benefits of . . . section 212(d)(3) . . . of the Act, shall be without prejudice to the renewal of such application or the authorizing of such admission by the immigration judge without additional fee." When viewed together, the regulations limit the Immigration Judge's authority to adjudicate an inadmissible nonimmigrant's request for a section 212(d)(3)(A)(ii) waiver to narrow and specific circumstances that are inapplicable to a petitioner for U nonimmigrant status. Thus, the regulatory scheme for waivers sought by arriving aliens in the deferred inspection context is different from the regulatory scheme applicable for waivers sought by petitioners for U nonimmigrant status. While *L.D.G.* discussed many of the regulations relevant to the U visa, it did not address 8 C.F.R. §§ 235.2(d) and 1235.2(d). Thus, *L.D.G.* does not purport to invalidate or undermine these regulations or the regulatory scheme they outline.

Both before and after Congress' enactment of the U visa statutory provisions, we have held that the Immigration Judge's authority to grant a section 212(d)(3)(A)(ii) waiver is limited to when an inadmissible nonimmigrant alien seeking admission at a port of entry has been denied a waiver and has been placed in exclusion or removal proceedings where a waiver request has been renewed before the Immigration Judge. *See Matter of Kazemi*, 19 I&N Dec. 49, 52 (BIA 1984) (discussing the limited jurisdiction of Immigration Judges and the Board to consider a renewed request for a waiver by an alien in exclusion proceedings following denial of the waiver by the district director at a port of entry); *see also Matter of Fueyo*, 20 I&N Dec. 84, 86−87 (BIA 1989). Since a petitioner for

---

[6]   The regulations at 8 C.F.R. §§ 212.4(b) and 1212.4(b) are outdated because they are entitled "Applications under section 212(d)(3)(B)" and make references to that former waiver provision and other sections of the Act that have been redesignated. However, the substance of the regulations make clear that they actually apply to the current waiver at section 212(d)(3)(A)(ii) of the Act. Further, the instructions for the Form I-192 state, inter alia, that the regulatory basis for the form is at 8 C.F.R. § 212.4(b). *See generally* 8 C.F.R. § 103.2(a)(1) (2016) (providing that every benefit request submitted to the DHS must be executed and filed in accordance with the form instructions and that such instructions are incorporated into the relevant regulations).

U nonimmigrant status is physically in the United States and is therefore not subject to deferred inspection during which a CBP or designated immigration official may deny the waiver at a port of entry, it follows that Immigration Judges lack the authority to consider a request by a petitioner for U nonimmigrant status for a waiver under section 212(d)(3)(A)(ii) of the Act.

Contrary to the Seventh Circuit's interpretation, the powers and duties of Immigration Judges to conduct removal hearings under section 240 of the Act, 8 U.S.C. § 1229a (2012), and any other proceedings, is only that authority delegated to them by the Act and by the Attorney General through regulation. Section 103(g) of the Act, 8 U.S.C. § 1103(g) (2012); *see also* section 101(b)(4) of the Act (defining the term "Immigration Judge" as "an attorney whom the Attorney General appoints as an administrative judge . . . [to] perform such duties as the Attorney General shall prescribe"); *Matter of G-K-*, 26 I&N Dec. at 93 (noting that the jurisdiction of the Board and the Immigration Judge is limited by statute and regulation to that which has been delegated by the Attorney General); *Matter of Avetiysan*, 25 I&N Dec. 688, 691 (BIA 2012) ("In conducting proceedings, an Immigration Judge exercises the powers and duties delegated by law and by the Attorney General of the United States through regulation."); 8 C.F.R. § 1003.10 (2016).

We conclude that the regulations do not give Immigration Judges authority to grant a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Act to a petitioner for U nonimmigrant status who is in the United States. We find support for our conclusion in the Third Circuit's recent precedent, which analyzed this issue and reached a contrary result from *L.D.G. Sina Sunday v. Att'y Gen. of U.S.*, No. 15-1232, 2016 WL 4073270, at *3-5 (3d Cir. Aug. 1, 2016). There, the court concluded that an Immigration Judge's authority to consider a section 212(d)(3)(A)(ii) waiver was limited to only those instances where the alien first applied for admission to a district director prior to entry, and not to an alien who was admitted into the United States and now seeks a waiver of inadmissibility from an Immigration Judge so that he can petition for a U visa.

Moreover, we presume that when Congress enacted section 212(d)(14) of the Act, it was aware that a waiver of inadmissibility under section 212(d)(3)(A)(ii) was unavailable to a petitioner for U nonimmigrant status in the United States. Congress therefore provided a much broader waiver that (1) does not statutorily require a petitioner for U nonimmigrant status to be in possession of a valid entry document and (2) only requires that the petitioner not be otherwise inadmissible under section 212(a)(3)(E) of the Act on the basis of Nazi persecution, genocide, or the commission of tortuous acts or extrajudicial killings. Further, the language of section

212(d)(14) clearly provides that the Secretary of Homeland Security has sole jurisdiction to adjudicate waivers of inadmissibility for petitioners for U nonimmigrant status.

We are also not persuaded by the rationale in *L.D.G.*, 744 F.3d at 1031−32, that giving Immigration Judges the authority to grant a section 212(d)(3)(A)(ii) waiver to an applicant for U nonimmigrant status would promote efficiency in the administration of the immigration system. Immigration Judges only address matters falling within the scope of their jurisdiction to resolve contested issues in removal proceedings—not collateral matters. *See Matter of Yauri*, 25 I&N Dec. 103, 110 (BIA 2009) ("As a practical matter, Immigration Judges and the Board have limited and finite adjudicative and administrative resources, and those resources are best allocated to matters over which we do have jurisdiction."); *cf. Matter of Aceijas-Quiroz*, 26 I&N Dec. 294, 299 (BIA 2014) (declining to review legal issues underlying matters over which the DHS has sole and unreviewable discretion).

Even if the Immigration Judge had granted the respondent's section 212(d)(3)(A)(ii) waiver request, which necessarily requires a determination of inadmissibility as part of the ultimate exercise of discretion that is clearly assigned to the USCIS, that would not have allowed her to resolve the respondent's removability.  Rather, the respondent would have been required to re-file a petition for U nonimmigrant status with the USCIS and await its adjudication.  This would not result in a harmonious statutory scheme. *See Matter of C-T-L-*, 25 I&N Dec. 341, 347 (BIA 2010) (stating that adopting two different standards would be unharmonious and asymmetrical) (citing *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000), and *Matter of Moncada*, 24 I&N Dec. 62, 65 (BIA 2007)).  Therefore, we disagree with the Seventh Circuit's interpretation in *L.D.G.*, 744 F.3d at 1030−31, that section 212(d)(3)(A) of the Act permits Immigration Judges to waive the inadmissibility of U nonimmigrant visa applicants like the petitioner in that case.

Upon review of *L.D.G.*, we respectfully conclude that the totality of the Seventh Circuit's analysis did not expressly determine that the language in section 212(d)(3)(A)(ii) of the Act was unambiguous.  We recognize that the Seventh Circuit stated that "we see that the plain language of section [212(d)(3)(A)] grants to the Attorney General authority to waive the inadmissibility of 'an alien' applying for a temporary nonimmigrant visa," and absent any limitation, it "permits the Attorney General to waive the inadmissibility of U Visa applicants like L.D.G." *L.D.G.*, 744 F.3d at 1030. However, the court went on to discuss the interplay between different waiver provisions and stated that the statutory scheme for considering a

waiver of inadmissibility for a petitioner for U nonimmigrant status was "ambiguous." *Id.* at 1031.

The Supreme Court has held that a circuit court must accord deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to an agency's interpretation of a statute, regardless of the circuit court's contrary precedent, unless the prior court decision holds that the construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.* ("*Brand X*"), 545 U.S. 967, 982−85 (2005); *see also Holder v. Martinez Gutierrez*, 132 S. Ct. 2011, 2017−21 (2012); *Matter of M-H-*, 26 I&N Dec. 46, 49 (BIA 2012).

Based on the totality of the court's analysis, we conclude that the Seventh Circuit did not expressly find the language of section 212(d)(3)(A) to be unambiguous, which would leave no room for agency discretion. *See Brand X*, 545 U.S. at 982; *Matter of M-H-*, 26 I&N Dec. at 49. Accordingly, we will respectfully apply our ruling in this decision to cases nationwide, including cases arising in the Seventh Circuit, in order to promote national uniformity in the interpretation of immigration law.

## IV. CONCLUSION

We conclude that Immigration Judges do not have authority to adjudicate a request for a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Act by a petitioner for U nonimmigrant status. Therefore the Immigration Judge erred in adjudicating the respondent's waiver request. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.