**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP CHI YAN MAN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 13-70840<br> 16-70732<br> 17-70054<br><br>Agency No. A075-538-479<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2019
San Francisco, California

Before: WALLACE, SILER,[**] and McKEOWN, Circuit Judges.

In this consolidated action, Philip Man petitions for review of three orders

issued by the Board of Immigration Appeals ("Board"). One order dismissed

Man's appeal of an immigration judge's denial of his application for adjustment of

status under § 245(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§ 1255(a).  Two orders denied Man's requests to reopen his removal proceedings so that he could seek a waiver of inadmissibility to obtain a U visa.  We deny all three petitions.

Man acknowledges that his direct appeal is controlled by *Roman-Suaste v. Holder*, 766 F.3d 1035 (9th Cir. 2014).  There, we held that convictions under California Health and Safety Code ("CHSC") § 11359 categorically constitute drug trafficking aggravated felonies under the INA.  *Id.* at 1037.  Man's conviction under CHSC § 11359, therefore, rendered him inadmissible, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and ineligible for adjustment of status, 8 U.S.C. § 1255(a).  We deny Man's petition appealing the denial of his application for adjustment of status.

We review the Board's denials of Man's motions to reopen for abuse of discretion and consider whether they were "arbitrary, irrational, or contrary to law."  *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (internal quotation marks and citations omitted).  Man argues the Board erred under this standard because it erroneously concluded that an immigration judge lacked jurisdiction to adjudicate Man's request for a U visa waiver if his case was reopened.  This case thus turns on the following question:  In removal proceedings commenced against a non-citizen after the non-citizen has already entered the country, can an immigration judge grant the non-citizen a U visa waiver of inadmissibility under 8 U.S.C. §

2

1182(d)(3)(A)(ii)?

In *Matter of Khan*, the Board told us the answer to that question was no. 26 I & N Dec. 797, 802-03 (BIA 2016) (holding that "the regulations do not give Immigration Judges authority to grant a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Act to a petitioner for U nonimmigrant status who is in the United States"). That decision rests on the Board's interpretation of provisions in the INA, and is entitled to deference if the provisions are ambiguous and the holding is reasonable. *Negusie v. Holder*, 555 U.S. 511, 516 (2009). Here, ambiguity reigns: Congress has not explained how to reconcile its grant of a specific inadmissibility waiver and sole grant of U visa adjudicatory power to the Secretary of Homeland Security with the pre-existing inadmissibility waiver power vested in the Attorney General for nonimmigrant visas. *See* 8 U.S.C. § 1101(a)(15)(U); § 1182(d)(14); § 1182(d)(3)(A)(ii).

The Board explained that the "legislative intent as to the interplay between the waivers in section 212(d)(3)(A)(ii) and section 212(d)(14) is unclear." *Matter of Khan*, 26 I & N Dec. at 801. It approached the ambiguity in two steps. First, it pointed out that the Board has held the delegated authority of immigration judges to adjudicate waivers under § 1182(d)(3)(A)(ii) is "limited to when an inadmissible nonimmigrant alien seeking admission at a port of entry has been denied a waiver and has been placed in exclusion or removal proceedings where a waiver request

has been renewed before the Immigration Judge." *Id.* at 802.

Next, the Board explained that the conditions under which the Attorney General has delegated authority to immigration judges to adjudicate waivers of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii) are circumscribed by 8 C.F.R. §§ 212.4(b), 235.2(d), 1212.4(b), and 1235.2(d) (2016). *Id.* These regulations specify that aliens can seek a waiver by submitting documentation "to the district director in charge of the alien's arrival in the United States and that an alien may renew his or her application before the Immigration Judge in the context of a deferred inspection after the waiver has been denied at the port of entry." *Id.* at 801. Thus, the Board reasoned, "the regulations limit the Immigration Judge's authority to adjudicate an inadmissible nonimmigrant's request for a section 212(d)(3)(A)(ii) waiver to narrow and specific circumstances that are inapplicable to a petitioner for U nonimmigrant status." *Id.* at 802. That is because the deferred inspection context involves aliens arriving in the United States, whereas aliens seeking U nonimmigrant status already are "physically in the United States." *Id.* at 802-03. As a result, "Immigration Judges lack the authority to consider a request by a petitioner for U nonimmigrant status for a waiver under section 212(d)(3)(A)(ii) of the Act." *Id.* at 803.

Here, Man has not identified any reason to displace the Board's interpretation of § 1182(d)(3)(A)(ii). As Man acknowledges, he has been in the

4

United States since 1997, and does not seek a waiver during the deferred inspection process. Thus, the Board's denials—the latter of which was issued after *Matter of Khan* and relied explicitly on its reasonable interpretation of the INA— were not "arbitrary, irrational, or contrary to law." *See Go*, 744 F.3d at 609. We therefore deny Man's petitions appealing the denial of his requests to reopen his removal proceedings.

The panel has examined the other claims at issue and has concluded they are without merit.

**REVIEW DENIED**.