**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP CHI YAN MAN,<br>*Petitioner*,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br>*Respondent.* | Nos. 13-70840<br>16-70732<br>17-70054<br><br>Agency No.<br>A075-538-479<br><br>OPINION |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted March 15, 2019
San Francisco, California

Filed October 24, 2019

Before: J. Clifford Wallace, Eugene E. Siler,* and
M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

---

* The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

### Immigration

Denying Philip Man's petitions for review of three orders of the Board of Immigration Appeals, the panel held that, in removal proceedings commenced against a non-citizen after the non-citizen has already entered the country, an Immigration Judge lacks authority to grant the non-citizen a U visa waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii).

In one order on review, the Board dismissed Man's appeal of an IJ's denial of Man's application for adjustment of status, concluding that Man's conviction under California Health and Safety Code § 11359 was a drug trafficking aggravated felony that made him inadmissible and ineligible for adjustment of status. The panel denied Man's petition for review of this order, noting that Man acknowledged that his petition was controlled by *Roman-Suaste v. Holder*, 766 F.3d 1035 (9th Cir. 2014).

In the other two orders on review, the Board denied Man's requests to reopen his removal proceedings so that he could seek a waiver of inadmissibility to obtain a U visa. In relevant part, the Board denied reopening on the ground that an IJ would lack authority to consider Man's request for a U visa waiver if his case were reopened. In doing so, the Board relied on *Matter of Khan*, 26 I. & N. Dec. 797 (BIA 2016), which held that an IJ lacks authority to grant a waiver of

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii) to a petitioner for a U visa who is in the United States.

Noting that *Matter of Khan* is entitled to deference if the relevant statutory provisions are ambiguous and the holding is reasonable, the panel concluded that ambiguity reigns here: Congress has not explained how to reconcile its grant of a specific inadmissibility waiver and sole grant of U visa adjudicatory power to the Secretary of Homeland Security, 8 U.S.C. § 1182(d)(14), with the pre-existing inadmissibility waiver power vested in the Attorney General for aliens who are seeking admission, 8 U.S.C. § 1182(d)(3)(A)(ii).

The panel also agreed with the Board's reasoning in *Matter of Khan*, noting that the Board explained that: 1) it had previously held that an IJ's authority to adjudicate waivers under § 1182(d)(3)(A)(ii) is limited to when an inadmissible *nonimmigrant alien seeking admission* at a port of entry has been denied a waiver and has been placed in proceedings where a waiver request has been renewed before the IJ; and 2) the conditions under which the Attorney General has delegated authority to IJs to adjudicate such waivers are circumscribed by regulations that limit an IJ's authority to adjudicate the waiver to narrow and specific circumstances that are inapplicable to a petitioner for a U visa.

With its holding, the panel joined the Third Circuit, which considered this question and came to the same conclusion as the Board, and the panel declined to follow the contrary approach of the Seventh and Eleventh Circuits.

**COUNSEL**

Zachary Nightingale (argued) and Amalia Wille, Van Der Hout Brigagliano & Nightingale LLP, San Francisco, California, for Petitioner.

Tim Ramnitz (argued), Attorney; Greg D. Mack, Senior Litigation Counsel; Terri J. Scadron, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Andrew Yaphe and Serge Voronov, Davis Polk & Wardwell LLP, Menlo Park, California; Sharon Katz, Davis Polk & Wardwell LLP, New York, New York; Jayashri Srinkantiah, Stanford Law School, Stanford, California; Iylce Shugall, Community Legal Services in East Palo Alto, East Palo Alto, California; Carmen Maria Rey, Sanctuary for Families, New York, New York; for Amici Curiae Asista, Asian Pacific Institute on Gender-Based Violence, California Partnership to End Domestic Violence, Freedom Network USA, Her Justice, National Network to End Domestic Violence, New York State Coalition Against Domestic Violence, and National Immigrant Justice Center.

**OPINION**

PER CURIAM:

In this consolidated action, Philip Man petitions for review of three orders issued by the Board of Immigration Appeals ("Board"). One order dismissed Man's appeal of the Immigration Judge's ("IJ") denial of Man's application for adjustment of status under § 245(a) of the Immigration

and Nationality Act ("INA"), 8 U.S.C. § 1255(a). Two orders denied Man's requests to reopen his removal proceedings so that he could seek a waiver of inadmissibility to obtain a U visa. We deny all three petitions.

## I.  Adjustment of Status

Man acknowledges that his petition with respect to adjustment of status is controlled by *Roman-Suaste v. Holder*, 766 F.3d 1035 (9th Cir. 2014). There, we held that convictions under California Health and Safety Code ("CHSC") § 11359 categorically constitute drug trafficking aggravated felonies under the INA. *Id.* at 1037. The Board held that Man's conviction under CHSC § 11359, therefore, rendered him inadmissible, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and ineligible for adjustment of status, 8 U.S.C. § 1255(a). As a consequence, the Board dismissed Man's appeal, stating that he was "not statutorily eligible for adjustment of status." We deny Man's petition for review of the Board's dismissal of his appeal.

## II.  Motions to Reopen to Consider U Visa

The U visa permits non-citizen victims of certain crimes who have suffered "substantial physical or mental abuse" to remain in the United States if they are likely to be helpful in the investigation or prosecution of a crime. 8 U.S.C. § 1101(a)(15)(U). Man's U visa petition was based on assistance to law enforcement related to a gang shooting. A non-citizen like Man, who is inadmissible due to an aggravated felony, may nonetheless seek a waiver from the United States Citizenship and Immigration Services ("USCIS"), which is part of the Department of Homeland Security ("DHS").

Man filed his first motion to reopen in May 2013. Two months later, the Board denied the motion in part because Man's aggravated felony precluded him from seeking a waiver of inadmissibility. The Board also stated that a motion to reopen was unnecessary because he could request a U visa from USCIS, which has exclusive jurisdiction over the U visa.

Following this order, USCIS denied Man's pending Petition for U Nonimmigrant Status on the ground that he was inadmissible and it further declined to exercise discretion to approve a waiver of inadmissibility "as a matter of national or public interest." After Man submitted additional evidence, USCIS reconsidered the decision, but ultimately upheld the initial denial.

Man then filed a second and untimely motion to reopen, which the Board denied on February 2016. Apart from denying the motion based on the temporal and numerical limitations, the Board rejected Man's argument that an IJ has independent authority to adjudicate an application for waiver of admissibility. Man filed a third motion to reopen predicated on the same grounds and, alternatively, seeking sua sponte reopening. On December 17, 2016, the Board denied the motion as time and number barred and declined to exercise its discretionary authority. We review for abuse of discretion the Board's denials of Man's motions to reopen and consider whether the denials were "arbitrary, irrational, or contrary to law." *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (internal quotation marks and citations omitted).

Man claims the Board erred under this standard because it erroneously concluded that an IJ lacks jurisdiction to consider Man's request for a U visa waiver if his case was reopened. These petitions for review of the denials of the motions to reopen thus turn on the following question: In

removal proceedings commenced against a non-citizen after the non-citizen has already entered the country, does an IJ have the authority to grant the non-citizen a U visa waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii)? The answer to that question is no.

Two provisions of the INA provide the statutory underpinnings of our analysis. DHS's authority to grant a waiver of inadmissibility is undisputed:

> The Secretary of Homeland Security shall determine whether a ground of inadmissibility exists with respect to a nonimmigrant described in section 1101(a)(15)(U) of this title. The Secretary of Homeland Security, in the Attorney General's discretion,[1] may waive the application of subsection (a) of this section [outlining grounds for inadmissibility] . . . in the case of a nonimmigrant described in section 1101(a)(15)(U) of this title, if the Secretary of Homeland Security considers it to be in the public or national interest to do so.

8 U.S.C. § 1182(d)(14). Man sought a waiver from DHS through USCIS and was rejected.

A separate waiver provision outlines the authority of the Attorney General to grant a waiver of inadmissibility:

---

[1] The reference to "Attorney General's discretion" appears to be an error by the codifier. *L.D.G. v. Holder*, 744 F.3d 1022, 1025 (7th Cir. 2014); *see* 8 U.S.C. § 1182 n.4.

> [A]n alien . . . who is inadmissible under subsection (a) of this section [outlining grounds for inadmissibility] . . . but who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General. The Attorney General shall prescribe conditions, including exaction of such bonds as may be necessary, to control and regulate the admission and return of inadmissible aliens applying for temporary admission under this paragraph.

8 U.S.C. § 1182(d)(3)(A)(ii).

In reconciling these provisions, in *Matter of Khan*, the Board told us that "the regulations do not give Immigration Judges authority to grant a waiver of inadmissibility under section 212(d)(3)(A)(ii) of the Act to a petitioner for U nonimmigrant status who is in the United States." 26 I & N Dec. 797, 803 (BIA 2016). That decision rests on the Board's interpretation of provisions in the INA, and is entitled to deference if the provisions are ambiguous and the holding is reasonable. *Negusie v. Holder*, 555 U.S. 511, 521 (2009). Here, ambiguity reigns: Congress has not explained how to reconcile its grant of a specific inadmissibility waiver and sole grant of U visa adjudicatory power to the Secretary of Homeland Security with the pre-existing inadmissibility waiver power vested in the Attorney General for aliens who are seeking admission. *See* 8 U.S.C. § 1101(a)(15)(U); § 1182(d)(14); § 1182(d)(3)(A)(ii).

In the Board's view, "legislative intent as to the interplay between the waivers in section 212(d)(3)(A)(ii) and section 212(d)(14) is unclear." *Matter of Khan*, 26 I & N Dec. at 802. The Board approached the ambiguity in two steps. To begin, the Board stated that it previously held that the delegated authority of IJs to adjudicate waivers under § 1182(d)(3)(A)(ii) is "limited to when an inadmissible *nonimmigrant alien seeking admission* at a port of entry has been denied a waiver and has been placed in exclusion or removal proceedings where a waiver request has been renewed before the Immigration Judge." *Id.* at 802 (emphasis added).

Next, the Board explained that the conditions under which the Attorney General has delegated authority to IJs to adjudicate waivers of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii) are circumscribed by 8 C.F.R. §§ 212.4(b), 235.2(d), 1212.4(b), and 1235.2(d) (2016). *Id.* These regulations specify that aliens may seek a waiver by submitting documentation "to the district director in charge of the alien's arrival in the United States and that an alien may renew his or her application before the Immigration Judge in the context of a deferred inspection after the waiver has been denied at the port of entry." *Id.* at 801. Thus, the Board reasoned, "the regulations limit the Immigration Judge's authority to adjudicate an inadmissible nonimmigrant's request for a section 212(d)(3)(A)(ii) waiver to narrow and specific circumstances that are inapplicable to a petitioner for U nonimmigrant status." *Id.* at 802. That conclusion follows because the deferred inspection context involves aliens arriving in the United States, whereas aliens seeking U nonimmigrant status already are "physically in the United States." *Id.* at 802–03. As a result, "Immigration Judges lack the authority to consider a request by a petitioner for U nonimmigrant status

for a waiver under section 212(d)(3)(A)(ii) of the Act." *Id.* at 803. We agree.

Although we have not previously addressed whether an IJ has jurisdiction over an inadmissibility waiver request by a non-citizen already in the United States, we join the Third Circuit, which considered this question and came to the same conclusion as the Board. In *Sunday v. Attorney General United States of America*, the Third Circuit held that the Attorney General's authority extends only over those "seeking admission." 832 F.3d 211, 214 (3d Cir. 2016). Authority pursuant to section 1182(d)(3)(A)(ii) "[b]y definition" excludes "individuals who have already lawfully entered," because it contains "the phrase 'and is seeking admission.'" *Id.* We observe the court determined at the outset that this statutory language is not ambiguous and further reasoned that "DOJ's immigration regulations restrict the IJ's § 1182(d)(3)(A)(ii) waiver jurisdiction to instances where a waiver request was first made to a district director (who is part of DHS) *prior to an individual's arrival to the United States*." *Id.* at 215 (emphasis added); *see* 8 C.F.R. §§ 1212.4(b), 1235.2(d). The conclusion in *Sunday* is persuasive and consistent with the statutory text and the Board's conclusion.

In contrast, the Seventh Circuit held that "section 1182(d)(3)(A) permits the Attorney General to waive the inadmissibility of U Visa applicants." *L.D.G. v. Holder*, 744 F.3d 1022, 1030 (7th Cir. 2014). However, *L.D.G.* was grounded on everything but the language of § 1182(d)(3)(A). The Seventh Circuit based its holding on the fact that the later-enacted § 1182(d)(14) had not "effected a partial implied repeal" of the Attorney General's power under subsection (d)(3)(A); the policy rationale of "efficiency advantages" may be promoted by IJs

adjudicating inadmissibility waiver requests; and the language of § 1182(d)(4) did not preclude a concurrent jurisdiction to adjudicate inadmissibility waivers. *Id.* at 1030–32. Crucially, in *L.D.G.* the court did not analyze § 1182(d)(3)(A)(ii)'s language limiting the Attorney General's jurisdiction over inadmissibility waivers to requests by non-citizen "*seeking admission*." Without independent analysis, the Eleventh Circuit simply agreed with the Seventh Circuit. *See Meridor v. U.S. Attorney Gen.*, 891 F.3d 1302, 1307 (11th Cir. 2018). We decline to follow the approach of the Seventh and the Eleventh Circuits.

Man has not identified any reason to displace the Board's interpretation of § 1182(d)(3)(A)(ii). As Man acknowledges, he has been in the United States since 1997, and is not seeking a waiver during the deferred inspection process. Thus, the Board's denials of his motions to reopen—the latter of which was issued after *Matter of Khan* and relied explicitly on the Board's reasonable interpretation of the INA—were not "arbitrary, irrational, or contrary to law." *See Go*, 744 F.3d at 609. We therefore deny Man's petitions for review of the denials of his two requests to reopen his removal proceedings.[2]

**PETITIONS DENIED**.

---

[2] We examined Man's other claims and conclude they are without merit.