**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OSCAR LIMA-NUNEZ, AKA Oscar Manuel Nunez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-73452<br><br>Agency No. A071-609-947<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2019[**]
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and OTAKE,[***] District Judge.

Oscar Lima-Nunez, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jill Otake, United States District Judge for the District of Hawaii, sitting by designation.

Immigration Judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We deny the petition.

(1)     The IJ did not err in finding that the U visa application was not only untimely presented, but also irrelevant to the proceedings before him. The provisions governing the scope of withholding-only proceedings limit the IJ's authority and restrict parties from raising other issues such as admissibility and eligibility for waivers and other forms of relief. *See* 8 C.F.R. §§ 1208.2(c)(3)(i), 1208.31(e). Moreover, reinstatement of a prior removal order limits the relief available to Lima-Nunez because withholding-only proceedings are distinguishable from regular removal proceedings. *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1080-82 (9th Cir. 2016).

As part of his relevance argument, Lima-Nunez asserts that the IJ should have considered his likelihood of success on the U visa application, which would require an evaluation of his waiver of inadmissibility. However, the IJ did not have authority to adjudicate Lima-Nunez's inadmissibility waiver. *Man v. Barr*, 940 F.3d 1354, 1357 (9th Cir. 2019) (per curiam) ("Immigration Judges lack the authority to consider a request by a petitioner for U nonimmigrant status for a waiver under section 212(d)(3)(A)(ii) of the [Immigration and Nationality] Act." (quoting *Matter of Khan*, 26 I & N Dec. 797, 803 (BIA 2016)). Therefore, the IJ

correctly determined that Lima-Nunez's U visa application was irrelevant to the withholding-only proceedings, and the BIA did not err by affirming that decision.

(2)    The IJ did not abuse his discretion or violate Lima-Nunez's due process rights by disallowing evidence of his U visa application, denying his request for a continuance to permit Department of Homeland Security ("DHS") to adjudicate the application, or failing to ascertain DHS's position about the foregoing. Lima-Nunez failed to demonstrate good cause for a continuance, to the extent his counsel even sought one. 8 C.F.R. § 1003.29; *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (identifying relevant factors as: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted"). The IJ was not free to consider the U visa application in the manner Lima-Nunez requested; Lima-Nunez caused delays through his lack of diligence and last-minute filings; and an indefinite continuance would have inconvenienced the IJ. The disallowance of evidence and denial of a continuance did not violate Lima-Nunez's due process rights because he failed to show error or prejudice. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

16-73452

Moreover, although parties and Immigration and Customs Enforcement may jointly seek a stay, continuance, or termination of *removal* proceedings during the adjudication of a U visa application, *see* 8 C.F.R. § 214.14(c)(1)(i), the IJ was not required to determine DHS's position about whether, in this withholding-only proceeding, he should admit particular evidence or continue the matter.

(3)     Finally, the IJ's and BIA's statements that that an alien whose prior order of removal has been reinstated is ineligible for any relief other than withholding of removal were limited to the context of withholding-only proceedings.  They were not general pronouncements that an alien subject to reinstatement is ineligible for any relief except withholding of removal, and so did not constitute error.

Petition **DENIED**.