NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS ADRIAN GARCIA SAAVEDRA, | No. 19-70925 |
| Petitioner, | Agency No. A205-323-290 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Marcos Adrian Garcia Saavedra, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), including the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny in part and grant in part the petition for review, and we remand.

As to Garcia Saavedra's proposed particular social group claim based on his status as a returnee, the agency did not err in concluding that the social group is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (*quoting Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group). We reject as unsupported by the record Garcia Saavedra's contention that the IJ erred in its analysis of this claim.

As to Garcia Saavedra's claim based on his family membership, it is unclear if the BIA considered Garcia Saavedra's appellate argument that he was entitled to

19-70925

rely on harm to his father to establish his own claim of past persecution because he was a child at the time of his father's murder. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."); *see also Rusak v. Holder*, 734 F.3d 894, 897 (9th Cir. 2013) (concluding the BIA erred in failing to consider that Rusak was a child when the events underlying her claim took place and finding that Rusak established past persecution based on the abuses endured by her parents when she was a child). We therefore grant the petition for review as to Garcia Saavedra's family-based withholding of removal claim and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Garcia Saavedra failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Garcia Saavedra's contention that the agency erred in its analysis of his CAT claim.

The agency properly determined it lacked jurisdiction to consider Garcia Saavedra's waiver of inadmissibility. *See Man v. Barr*, 940 F.3d 1354, 1357 (9th Cir. 2019) ("Immigration Judges lack the authority to consider a request by a

19-70925

petitioner for U nonimmigrant status for a waiver under section 212(d)(3)(A)(ii) of the [Immigration and Nationality] Act." (quoting *Matter of Khan*, 26 I & N Dec. 797, 803 (BIA 2016) (internal quotation marks omitted)).

Garcia Saavedra's removal is stayed pending a decision by the BIA.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**