**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATEO JACINTO-GONZALEZ, | No.   19-72702 |
| Petitioner, | Agency No. A204-412-129 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020**

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Mateo Jacinto-Gonzalez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order (i) dismissing his

appeal from an immigration judge's ("IJ") decision denying cancellation of

removal, and (ii) denying his motion for administrative closure and motion to

remand.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

In his opening brief, Jacinto-Gonzalez fails to raise any challenge to the BIA's denial of cancellation of removal or his request for administrative closure. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (petitioner waives a contention by failing to raise it in the opening brief).

The BIA did not abuse its discretion in denying Jacinto-Gonzalez's motion to remand for the IJ to continue proceedings, where he has not established prima facie eligibility for a U visa. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (BIA may deny motion to reopen for failure to establish prima facie eligibility for relief); *see also Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 814 (BIA 2012) (where U visa applicant is inadmissible, IJ "should assess the likelihood that USCIS will exercise its discretion favorably under the regulatory standard as part of the determination of prima facie eligibility").

Jacinto-Gonzalez's motion for a stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED.**