NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAQUEL FLORES-CEDILLO, | No. 19-73223 |
| Petitioner, | Agency No. A091-246-482 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2021**
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,*** District Judge.

Petitioner Raquel Flores-Cedillo, a citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of her motion to continue and claim for protection under the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  The IJ was within her discretion to deny Petitioner's motion for a continuance of the merits hearing.  We review the BIA's decision affirming the IJ's denial of a continuance for an abuse of discretion, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we may overturn the BIA's decision only if it acted arbitrarily, irrationally, or contrary to law, *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011).  Petitioner argues that, in evaluating her motion for a continuance, the IJ should have assessed "whether the underlying visa petition [was] prima facie approvable" and that failing to do so was contrary to law.

But the caselaw on which Petitioner relies explicitly contemplates a "*pending family-based visa petition*."  *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812–15 (BIA 2012) (emphasis added) (discussing *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009)).  Here, Petitioner's daughter had not filed any I-130 on Petitioner's behalf at the time of the hearing.  Given that "[t]he [IJ] *should not* grant

---

[1] Before the IJ, Petitioner also applied for asylum and withholding of removal.  The BIA determined that Petitioner (1) "conceded that her 2017 conviction for alien smuggling constituted an aggravated felony, which barred her from asylum," and (2) "is not eligible for withholding of removal because she has been convicted of a particularly serious crime."  Additionally, the BIA concluded that Petitioner waived review of the IJ's alternative grounds for denying withholding of removal.  Because Petitioner did not challenge the BIA's resolution of those claims in her petition before this court, we do not address them.

a continuance merely because the respondent expresses the intention to file for collateral relief at some future date," *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 415–16 (A.G. 2018) (emphasis added), the BIA's affirmance of the IJ's denial of the continuance based on an unfiled I-130 petition was within its discretion. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam).[2]

2. The BIA's conclusion that Petitioner's claim for deferral of removal under CAT fails on the merits is supported by substantial evidence. 8 C.F.R. § 1208.17(a); *Medina-Rodriguez v. Barr*, 979 F.3d 738, 744 (9th Cir. 2020).[3] The IJ and the BIA

---

[2] Petitioner also argues the IJ denied the continuance with a "single minded" and "myopic[] focus[] on expediently closing [Petitioner's] case as quickly as possible," and that such focus on efficient resolution was legal error. This contention is belied by the record, where the IJ continued Petitioner's hearing three times before Petitioner filed this motion to continue, which was the first time Petitioner's counsel mentioned an I-130 petition.

[3] Regardless of whether Petitioner's claims for withholding and deferral of removal under CAT were properly raised before the BIA, we have jurisdiction to consider the claims because the BIA ignored any potential procedural defects and addressed the claims directly. *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). While the BIA denied Petitioner's claim for deferral of removal under CAT on the basis that she did not meet her burden of proof, it denied her claim for withholding of removal under CAT on the basis that she had been convicted of a particularly serious crime. Nonetheless, we need not address Petitioner's challenge to the agency's particularly serious crime determination because the BIA's conclusion that Petitioner failed to establish that she will more likely than not be tortured if she is removed to Mexico is supported by substantial evidence. *See* 8 C.F.R. § 1208.16(c)–(d). Under normal circumstances, we would review the particularly serious crime determination because "we cannot affirm the BIA's decision on a basis on which it did not rely." *Navas v. INS*, 217 F.3d 646, 662 n.24 (9th Cir. 2000). But here the withholding and deferral of removal standards under

3

both concluded that Petitioner failed to meet her burden of proof that she was more likely than not to be tortured upon her return to Mexico because her proffered likelihood of torture was "based … on … a string of suppositions." The record evidence does not compel this court to reach a contrary conclusion. *See id.* Petitioner lived in the U.S. her entire life and can point only to one third-party statement, never made directly to her, as evidence that she would be tortured if returned to Mexico. The statement in question was from the family of a man named Alejandro, who participated in Petitioner's smuggling operation and was arrested. The family allegedly told Petitioner's acquaintance that they "knew that it was [Petitioner who] … had … snitch[ed] on [Alejandro] so therefore [Petitioner] knew what was coming." But there is no evidence that either Alejandro or his family have contacted Petitioner or her family in Texas since making this statement. Suppositions built on hearsay do not compel this court to overturn the BIA's decision that Petitioner failed to present sufficient evidence to meet her burden under CAT. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

Accordingly, the petition is **DENIED**.

---

CAT are identical; the sole distinction between the two claims is whether the petitioner is eligible for withholding under CAT. *See* 8 C.F.R. §§ 1208.16(d)(2), 1208.17(a). We therefore see no issue with denying Petitioner's CAT withholding claim after concluding that the BIA's denial of Petitioner's CAT deferral claim was supported by substantial evidence.