**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| JOSE ASCENCION-CASTRO, AKA Jose Acesion-Castro, AKA Christian Ronald Clegg,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 19-71400<br><br>Agency No. A202-014-952<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

  Jose Ascencion-Castro, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and his motion to terminate, and dismissing his appeal from an immigration

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying his motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

The IJ did not abuse its discretion in denying Ascencion-Castro's motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (denial of continuance was not an abuse of discretion where the record did not establish petitioner's present eligibility for relief); *see also Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-15 (BIA 2012) (discussing how a movant may establish prima facie eligibility for a U visa such that good cause for a continuance might be established).

The BIA did not abuse its discretion in denying Ascencion-Castro's motion to remand where Ascencion-Castro may pursue a U visa with a removal order in place. *See* 8 C.F.R. § 214.14(c)(1)(ii).

The BIA did not abuse its discretion in denying administrative closure. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891-93 (9th Cir. 2018) (holding the non-exhaustive list of factors in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), provides a standard for reviewing administrative closure decisions).

19-71400

The BIA did not abuse its discretion in denying the motion to terminate, where Ascencion-Castro's contentions regarding his notice to appear are foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

**PETITION FOR REVIEW DENIED.**